**Opinion filed December 18, 2020**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-19-00002-CR

_____

## JOHN ROBERT NICHOLS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. F35343**

## M E M O R A N D U M   O P I N I O N

On March 9, 2017, Appellant, John Robert Nichols, pleaded guilty to the offense of possession of less than one gram of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West Supp. 2020), § 481.112(a)–(b) (West 2017). Pursuant to a plea bargain agreement, the trial court deferred adjudication of Appellant's guilt, placed him on community supervision for two years, and ordered him to pay a fine of $750 and restitution of $105. The State subsequently filed a motion to adjudicate Appellant's guilt. After the trial court

conducted a hearing on the State's motion to adjudicate, it found that the allegations in the State's motion were true, convicted Appellant of the offense of possession of less than one gram of a controlled substance, and sentenced him to confinement for twenty months in a State Jail Facility of the Texas Department of Criminal Justice.

In this appeal, Appellant contends that the trial court abused its discretion when it revoked his community supervision and adjudicated his guilt because the State failed to prove by a preponderance of the evidence that he violated a condition of his community supervision. We affirm.

On a motion to proceed with an adjudication of guilt, the State has the burden to prove by a preponderance of the evidence that the defendant violated a condition of community supervision. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *see also* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018) (providing that the determination to proceed with an adjudication of guilt after a defendant is placed on deferred adjudication community supervision is reviewable in the same manner as a revocation of community supervision). A "preponderance of the evidence" means that the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of community supervision. *Hacker*, 389 S.W.3d at 865.

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Id.*; *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). Proof of a violation of a single condition is sufficient to support the trial court's decision to revoke. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to the evidence, *Hacker*, 389 S.W.3d at 865, and we review the evidence in the light most favorable to the trial court's decision to revoke. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Porras v. State*,

No. 05-18-01108-CR, 2020 WL 401767, at *1 (Tex. App.—Dallas Jan. 24, 2020, pet. ref'd).

In the motion to adjudicate, the State alleged that Appellant violated conditions eight and nine of his community supervision. Condition eight required Appellant to "[a]bide by a curfew" between 9:00 p.m. and 6:00 a.m. Appellant was specifically instructed not to leave his residence within that time period without written approval from the trial court. Condition nine required Appellant not to commit a new offense. Appellant pleaded "not true" to the alleged violations.

At the hearing, Officer Kirby Brown of the Breckenridge Police Department testified that, on June 4, 2018, he saw Appellant's vehicle parked at a drug house on a county road. Officer Brown subsequently stopped Appellant at 10:20 p.m. for a traffic violation. Appellant was the only person in the vehicle. Officer Brown noticed that Appellant was sweating profusely and was "kind of irate, hostile, nervous." Officer Brown believed that Appellant was "possibly hiding something." After Appellant refused to consent to a search of the vehicle, Officer Brown requested that a canine unit come to the location. The dog alerted on Appellant's vehicle.

Officer Brown and another officer searched Appellant's vehicle and found a Dr. Pepper can in the center console. The can was cool to the touch and full of soda. Officer Brown saw leaves and buds consistent with marihuana in the can and noted that a strong odor of marihuana emanated from the can. Officer Brown filed a report of the incident, and on July 7, 2018, Appellant was arrested for possession of the marihuana.

According to Larry Eugene Downing, Appellant's community supervision officer, Appellant said that he was arrested after a traffic stop because he had an empty beer can. Appellant also admitted that he had encountered a police officer at 10:20 p.m. and that he had violated his curfew. Downing testified that Appellant

3

did not have a job that required him to be on the road after 6:00 p.m. at night. Further, Appellant did not request a "concession regarding having to work after hours and be on the road after hours," and Downing's records did not contain a notation that Appellant's work required him to be out after hours.

Although the evidence was undisputed that he was not in his residence at 10:20 p.m. on June 4, 2018, Appellant argues that the evidence is insufficient to support the trial court's finding that he violated curfew because the State failed to prove that he did not have written consent from the trial court to be out of his residence after 9:00 p.m. Downing, however, testified that Appellant admitted that he had violated curfew, that Downing's records did not contain a notation that Appellant's work required him to be out after hours, and that Appellant never requested a "concession" to be on the road after hours.

We hold that the trial court could have reasonably determined, based on the greater weight of the credible evidence, that Appellant violated condition eight of his community supervision when he was outside of his residence after 9:00 p.m. on June 4, 2018. *See Eller v. State*, No. 04-17-00780-CR, 2019 WL 1547498, at *3 (Tex. App.—San Antonio Apr. 10, 2019, pet. ref'd) (mem. op., not designated for publication) (concluding that evidence that the defendant was aware that he was outside his residence after his 11:00 p.m. curfew was sufficient to support the trial court's finding that the defendant violated a condition of his community supervision); *Quisenberry v. State*, No. 14-13-00511-CR, 2014 WL 2446647, at *2–3 (Tex. App.—Houston [14th Dist.] May 29, 2014, no pet.) (mem. op., not designated for publication) (holding that evidence that the defendant admitted that she violated curfew and that the community supervision file did not reflect that the defendant had permission to miss curfew was sufficient to support the trial court's finding that the defendant violated a condition of her community supervision). Therefore, the trial court did not abuse its discretion when it revoked Appellant's

4

community supervision and proceeded to adjudicate Appellant guilty of the underlying offense. *See Garcia*, 387 S.W.3d at 26; *Leonard*, 385 S.W.3d at 576 (holding that a "trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision").

Because one sufficient ground for revocation will support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt, we need not address whether the trial court erred when it found that the State's allegation that Appellant violated condition nine of his community supervision when he committed a new offense was "true." *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *see also* TEX. R. APP. P. 47.1.

We affirm the trial court's judgment.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

December 18, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.